NATIONAL SHIPPING COMPANY OF
SAUDI ARABIA, Plaintiff-Appellee,

v.

SOUTHERN STEAMSHIP AGENCY,
INC., Defendant-Appellant.

No. 86-8292.

United States Court of Appeals,
Eleventh Circuit.

May 26, 1987.

---

Edward T. Brennan, Savannah, Ga., for defendant-appellant.

Robert S. Glenn, Jr., Savannah, Ga., for plaintiff-appellee.

Before ANDERSON and CLARK, Circuit Judges, and SIMPSON *, Senior Circuit Judge.

PER CURIAM:

National Shipping Company of Saudi Arabia ("NSCSA") appointed F.W. Hartmann & Co., Inc. ("Hartmann") as its general agent in the United States. The general agency agreement provided that Hartmann had the right to appoint local agents in those ports where it did not maintain its own office. Hartmann appointed Southern Steamship Agency, Inc. ("Southern") as its local agent in Savannah. The sub-agency agreement required Hartmann to pay Southern a commission and to reimburse Southern's expenses. NSCSA approved the appointment of Southern, but did not participate in negotiations leading to the sub-agency agreement, nor did NSCSA have any direct contract with Southern.

Over time, Hartmann became tardy in paying Southern its commissions. Consequently, Southern executed a set off against NSCSA by withholding monies due NSCSA which Southern collected from shippers. NSCSA filed suit against Southern in federal district court alleging a wrongful set off, arguing that a sub-agent may not execute a set off against its principal for funds which originally were due the sub-agent from the general agent. The trial judge charged the jury the general rule that a sub-agent, hired by a general agent, can only look to that general agent for its compensation. The jury returned a verdict for NSCSA. Southern appealed, contending that the foregoing charge to the jury was erroneous. We find no error in the district court's charge to the jury and affirm the judgment. Southern's remaining claims of error are without merit and warrant no discussion.

The district judge based his jury charge on the principle set forth in the RESTATEMENT (SECOND) OF AGENCY § 458 (1957). Section 458 of the Restatement provides:

> The authorized employment of a subservant or other subagent does not thereby subject the principal to contractual liability to the subagent . . . .

The comments appended to the Restatement provide in relevant part:

> If an agent employs a subagent, the agent is the employing person, and the principal is not a party to the contract of employment, except where, by express promise or otherwise, he becomes a sure-

---

* Judge Simpson did not participate in the decision of this case and the decision is by quorum.

28 U.S.C. § 46; Circuit Rule 3.

ty. He is not, therefore, subject to pay the agreed compensation. . . .

Thus, the Restatement sets forth a general rule that the principal is not liable to the subagent for compensation. No Georgia cases have expressly adopted or rejected this Restatement position.

Though the Restatement principle has been accepted in many jurisdictions, it is in conflict· with the positions set forth in American Jurisprudence Second and Corpus Juris Secundum. The Am.Jur.2d rule would hold the principal liable to the subagent, but it cites only two cases in support—one from Iowa and one from West Virginia. 3 Am.Jur.2d *Agency*, § 160, n. 76. Similarly, the C.J.S. rule would hold the principal liable to the sub-agent if the agent has real or apparent authority to appoint the sub-agent. 3 C.J.S. *Agency*, § 356. Neither of these sources is as widely accepted as the Restatement view.

Though the Georgia Supreme Court has not spoken directly to this issue, we do not think it necessary to certify the question. Federal courts may look to such sources as the restatement of law, treatises, law review commentary, and the "majority rule." *Miree v. United States*, 242 Ga. 126, 249 S.E.2d 573, 577 (1978). We believe that the position stated in the RESTATEMENT OF AGENCY reflects the better rule of law and we predict that the Georgia Supreme Court would choose to apply it. Thus, we affirm the lower court's decision to instruct the jury along the Restatement lines.

AFFIRMED.